IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, § § Plaintiff, § § v. § § **TRAVIS NICHOLAS STENLINE,** § individually and d/b/a Nick Tax or § Nick's Taxes, § § Defendants. § | Civil Action No. **3:09-CV-2122-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is United States' Motion for Default Judgment and Permanent Injunction, filed January 25, 2010. After consideration of the motion, brief in support, record, and applicable law, the court hereby **grants** United States' Motion for Default Judgment and **denies** the motion for permanent injunction, but **grants** an injunction for fifteen years.

**I.  Background**

This is an action brought by the government ("Plaintiff") against Defendant Travis Nicholas Stenline, individually and d/b/a Nick Tax or Nick's Taxes ("Defendant" or "Stenline"), to enjoin Defendant from participating in filing tax returns for other persons or entities as well as from engaging in conduct subject to penalty under 26 U.S.C. Sections 6701, 6694, and 6695. Defendant is a tax return preparer, as defined by the Internal Revenue Code Section 7701(a)(36), who prepares other people's tax returns for compensation. At least 242 of those returns presumably contain false or fraudulent items and understate the income taxes of the taxpayers. Over fifty of the tax returns

prepared by Stenline for the tax year 2006 have made bogus claims for the Telephone Excise Tax Refund, the number one fraudulent scheme among the IRS's "2007 'Dirty Dozen' Tax Scams."

Stenline has also presumably prepared and filed twelve "zero" returns for his customers for tax year 2006, on which Stenline erroneously reported no wages and no taxable income for his customers. He has additionally misapplied "fuel tax credits" to fraudulently obtain tax reductions on his returns, as well as earned income tax credits, education credits, dependency exemptions, and other fraudulent expenses and deductions to reach the same end. Stenline has further declined to prepare and submit a list of persons to the IRS containing the names of all the customers that he prepared tax returns for the years 2005 through 2007.

Plaintiff states that the 242 false or fraudulent tax returns prepared by Stenline have resulted in erroneous claim refunds of over $800,000 and that Stenline's refund rate on those returns is 100%. His customers now face large income tax deficiencies and may be liable for sizeable penalties and interest. The government requests injunctive relief under Internal Revenue Code Sections 7407, 7408, and 7402.

Defendant was properly served on December 17, 2009, and to date has not filed an answer to Plaintiff's complaint, nor has he defended against the allegations in any other manner. Plaintiff requested an entry of default on January 13, 2010, which the clerk of the court entered on the same day. Plaintiff now requests a default judgment against Defendant to enjoin him permanently from further perpetuating his unlawful business practices.

**II.     Analysis**

The court finds that because Defendant have neither filed an answer to Plaintiff's complaint nor otherwise defended in this lawsuit, and because Defendant is not an infant, an incompetent or

in the military, Plaintiff is entitled to judgment against Defendant. The court therefore accepts as true the well-pleaded allegations stated by Plaintiff in its complaint, and those other facts in United States' Motion for Default Judgment and Permanent Injunction.

Plaintiff only requests injunctive relief against Defendant. Specifically, Plaintiff requests the court to permanently enjoin Defendant from further participating in the preparation or filing of tax returns pursuant to Internal Revenue Code Sections 7407, 7408, and 7402. The court may enjoin a person under Section 7407 from acting as an income tax return preparer if that person has engaged in conduct subject to penalty under Section 6694, which penalizes a return preparer who willfully attempts to understate the tax liability of another person or who does so with intentional or reckless disregard of rules and regulations resulting in a tax understatement; or if that person has engaged in conduct subject to penalty under Section 6695, which penalizes a return preparer who, *inter alia*, fails to provide a copy of his customer list upon request of the IRS. *See* I.R.C. § 7407(b)(1)(A). The court determines that Defendant should be enjoined pursuant to Section 7407 in light of the facts established in Plaintiff's complaint and motion.

The court has authority to grant injunctive relief under Section 7408 if the defendant engaged in conduct subject to penalty under Section 6701 and such relief is appropriate to prevent the recurrence of such conduct. *Id.* § 7408(b). Plaintiff's complaint establishes that Stenline has prepared and filed federal tax returns for customers knowing that the returns understate their correct tax liability; injunctive relief is therefore appropriate to prevent Stenline from continuing to engage in such activity.

Pursuant to Section 7402, the court can issue an injunction "as may be necessary or appropriate for the enforcement of the internal revenue laws." *Id.* § 7402(a). In light of Plaintiff's

complaint and motion, the court determines that Defendant has engaged in conduct that substantially interferes with the administration and enforcement of the internal revenue laws and is likely to continue engaging in such conduct unless enjoined.

That Plaintiff is entitled to injunctive relief cannot be reasonably disputed. The court, however, does not believe that the circumstances of this case justify the imposition of a "lifetime" or permanent injunction against Stenline. Plaintiff did not alert the court to any case authority in which a court imposed a lifetime ban on a person's ability to assist taxpayers in preparing their tax returns for compensation.[*] The court, however, has found authority that supports a lifetime ban under certain circumstances. Courts have imposed such bans on a person acting as a tax preparer when such person's actions qualify as extreme or egregious misconduct. *See United States v. Gleason*, 432 F.3d 678, 683-84 (6th Cir. 2005); *United States v. Nordbrock*, 38 F.3d 440, 447 (9th Cir. 1994); *United States v. Bailey*, 789 F. Supp. 788, 818-19 (N.D. Tex. 1992).

An examination of these cases readily reveals that the misconduct took place repeatedly over several years and that hearings or trials were held in each case. In this case, Plaintiff produces evidence for only the 2006 tax year. Further, no hearings or trials have been held in this case, as it is being determined on a motion for entry of default judgment. In such instances, the court does not enjoy the ability to observe the demeanor and conduct of the defendant or to assess the full flavor of the testimony. Both of these factors (length of time and lack of hearing or trial) are quite significant with respect to the court's determination here. A lifetime ban is a draconian remedy and should not be undertaken lightly. The court accordingly determines that a lifetime injunction against

---

[*]A party seeking relief, unless such relief is universally known as the type of relief available, should always provide the court with authority that demonstrates the party is entitled to the relief requested.

**Memorandum Opinion and Order – Page 4**

Stenline is not warranted and that a fifteen-year injunction adequately addresses Stenline's misconduct and goes no further than necessary to accomplish the statutory objectives.

### III.    Conclusion

For the reasons stated, the court **grants** United States' Motion for Default Judgment but **denies** the request for a permanent injunction.  The court does, however, **grant** an injunction against Stenline for a term of fifteen years.  Accordingly, the court **enjoins and restrains Defendant for fifteen years**, as provided above, from preparing or filing, or assisting in the preparation or filing, of any federal tax returns or related documents and forms for others; and engaging in conduct subject to penalty under Code §§ 6694, 6695 and 6701.  In accordance with Rule 58 of the Federal Rules of Civil Procedure, a judgment will issue by separate document.

**It is so ordered** this 5th day of February, 2010.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge